IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

DIGITAL ALLY, INC., a Nevada )
corporation, )
  )
            Plaintiff, )
  )
     v. )    Case No. _____
  )
ENFORCEMENT VIDEO, LLC D/B/A/ )    JURY TRIAL DEMANDED
WATCHGUARD VIDEO, a Texas )
corporation )
  )
          Defendant. )

## COMPLAINT FOR PATENT INFRINGEMENT

Digital Ally, Inc. ("Digital Ally" or "Digital") alleges and states its claims for relief against Defendant Enforcement Video, LLC d/b/a/ WatchGuard Video ("WatchGuard Video" or "WatchGuard") as follows:

## PARTIES AND JURISDICTION

1.      Digital Ally is a Nevada corporation having its principal place of business at 9705 Loiret Blvd., Lenexa, Johnson County, Kansas 66219.

2.      WatchGuard is a Texas corporation having its principal place of business at 415 Century Parkway, Allen, Collin County, Texas 75013.

3.      This Court has subject matter jurisdiction because this is a patent infringement case arising under the patent laws of the United States Code, Title 35.  This Court has exclusive subject matter jurisdiction over this case under 28 U.S.C. § 1331 and § 1338(a).

4.      This Court has personal jurisdiction over WatchGuard.  WatchGuard is currently making, using, offering for sale, and/or selling the infringing products, including the VISTA WiFi body camera and the 4RE in-car video system (including the Panoramic X2 Camera).

WatchGuard's own website states that WatchGuard supplies "in-car and wearable video solutions to nearly 1/3rd of all Law Enforcement agencies in the U.S. and Canada." *See* Ex. A (WatchGuard's website). WatchGuard's website also states the VISTA WiFi is "[n]ow also available. . . ." *See* Ex. B. And it appears that over 23 agencies have pre-ordered the VISTA WiFi accused product. *See* Ex. C (GSN Magazine article). WatchGuard has also regularly conducted and does regularly conduct business within the State of Kansas. For example, on information and believe, WatchGuard has sold and/or made offers to sell body cameras and in-car cameras, including the infringing products, to a number of law enforcement agencies in the State of Kansas. On information and belief, these include sales and/or offers for sale to the Kansas Highway Patrol, Olathe Police Department, Johnson County Park Police, Hutchinson Police Department, Johnson County Sheriff's Office, Lawrence Police Department, Basehor Police Department, and Arkansas City Police Department. Moreover, on information and belief, on or around January 2016 WatchGuard finalized a sale to supply infringing products, including in-car cameras and wearable body cameras, to the Holcomb Police Department. *See* Ex. D (Garden City Telegram article). On information and belief, WatchGuard also completed a sale and/or offer for sale on or around April 2016 of the infringing in-car camera systems to the Parsons Police Department. *See* Ex. E (article from The Parsons Sun).

5. On information and belief, the accused VISTA WiFi product has been offered for sale to at least the following entities in Kansas: Eudora Police Department, Shawnee Police Department, Wichita State University Police Department, and the Douglas County Sheriff's Department.

6. On information and belief, WatchGuard is also subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Kansas Long Arm Statute, due

2

at least to its substantial ongoing business activities in this forum, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Kansas and this District. On information and belief, WatchGuard maintains and operates a website on the Internet, including http://www.watchguardvideo.com, which is operational twenty-four (24) hours a day, seven days a week, is accessible to and regularly accessed by residents of this District and other persons throughout the United States, and through which WatchGuard promotes and advertises its infringing products and directs consumers to purchases its infringing products. On information and belief, WatchGuard also has sales representatives responsible for conducting business and making sales in Kansas and in this District. On information and belief, WatchGuard, through its websites and/or sales representatives, has repeatedly transacted business with customers throughout the United States, including customers within Kansas and this District, and has advertised, promoted, sold, offered for sale, and/or shipped infringing products into this District without Digital Ally's authorization or permission. Further, on information and belief, WatchGuard has derived substantial revenue from interstate commerce and has interjected itself into this District by its operation of a nationwide business through commercial websites and sales representatives whereby WatchGuard has sold, offered for sale, continued to sell, and/or continued to offer for sale infringing products. Thus, this Court's exercise of jurisdiction of WatchGuard will not offend traditional notions of fair play and substantial justice.

7.     Venue is proper in the District of Kansas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b). Upon information and belief, WatchGuard has transacted business in this district and has committed, and continues to commit, acts of patent infringement in this district.

<u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

**A.    Digital Ally**

8.    Digital Ally was established in 2004 with a single goal—develop and manufacture cutting-edge technology that provides law enforcement officers with the ultimate event recording capabilities, coupled with convenience and ease of use.  The founders of Digital Ally knew that providing better event recording systems would protect both the public and the law enforcement officers.

9.    Headquartered in Lenexa, Kansas, Digital Ally revolutionized mobile video by introducing a complete video system integrated into a rear-view mirror that provided an event recording system that was both user-friendly and reliable.  This system was an immediate success and has been adopted across the country.

10.    Since its inception, Digital Ally has expanded its business into the body worn camera industry.  While the body-worn camera industry for law enforcement was in its infancy, Digital Ally recognized a severe limitation in the marketplace—the existing devices required manual activation and manual management of multiple devices.  Requiring officers to manually manage their entire ecosystem of recording devices was distracting and particularly undesirable in dangerous situations.  Additionally, it was often impractical for an officer to manually activate multiple event-recording devices when engaging emergency scenarios, which significantly decreased the usefulness of existing multiple recording device systems. Even in situations where an officer was able to manually activate multiple devices, these devices were not synchronized in any meaningful way and the recordings differed in their start times, all of which made forensically corroborating multiple recordings difficult and time consuming.

11.     Digital Ally's solution solved all of these problems and has resulted in a series of patent applications filed with the United States Patent Office.  After thorough examinations, the Patent Office agreed that Digital Ally's solutions represented pioneering inventions in this field and patents have been granted that cover, in various forms, an automated system that links and automatically manages all recording devices in an event-capture ecosystem, including body-worn, in-car, weapons-integrated cameras, and many other recording devices.  These patents include U.S. Patent Nos. 8,781,292 ("the '292 Patent"), 9,253,452 ("the '452 Patent") and 9,325,950 ("the '950 Patent").

12.     The technology described in the '292 and '452 patents is embodied in Digital Ally's VuLink products.  The VuLink product was pioneering because it fully integrated the event-capture ecosystem for an officer's multiple recording devices.  With Digital Ally's patented VuLink technology, all recording devices are automatically and simultaneously activated through a wireless network based on a triggering event (e.g., activating a police cruiser's light bar or siren, manually activating a single recording device, removing a shotgun from the holding rack, activating a smart weapon, a vehicle crash, etc.).  Moreover, these multiple recordings are digitally synchronized, which allows officers and prosecuting attorneys to accurately recreate crime scenes in a way that aids admissibility at trial.  This technology has been a resounding success and it is on a track to be a standard feature requested by nearly all law enforcement departments across the country.

B.     **WatchGuard**

13.     On information and belief, at its inception, WatchGuard was primarily involved in the business of manufacturing and selling in-car video systems. WatchGuard released its 4RE HD in-car video system in 2015.

14. The 4RE HD in-car video system includes the Panoramic X2 HD camera, which mounts to the back of the rearview mirror and includes two cameras—a primary camera and a panoramic camera. On information and belief, the 4RE system includes its own internal memory to record video from both cameras. The Panoramic X2 HD also is fully wireless allowing for wireless uploads of both recordings and wireless updates of the firmware for the system. If the Watch Commander application also is purchased, a user can view the video and audio from the 4RE in-car system on a smartphone. (*See* Ex. F, 4RE Brochure.)

15. On information and belief, WatchGuard previously sold a body-worn camera known as the CopVu that did not include an auto-activation feature. Rather, each officer was forced to manually activate each individual camera. In 2014, WatchGuard discontinued the sale of the CopVu in anticipation of its new body-worn camera, the VISTA HD, but this product also lacked the auto-activation feature desired by law enforcement agencies around the country.

16. On information and belief, WatchGuard recognized an increased demand for Digital Ally's patented auto-activation technology. In early May 2016, WatchGuard itself noted "a five-fold increase in receipt of law enforcement agencies publishing Requests for Proposals requiring this capability versus six months earlier." *See* Ex. G (WatchGuard website discussing increase in demand for auto-activation). Presumably recognizing its disadvantage in the marketplace, WatchGuard added Digital Ally's patented auto-activation functionality to its VISTA body cameras in or around May 2016. These new body cameras are now sold under the VISTA WiFi name. According to WatchGuard, "the demand for the technology has led to over twenty-three agencies pre-ordering the product." (*Id.*)

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 8,781,292)

17.     Digital Ally incorporates by reference paragraphs 1 through 16 herein.

18.     This cause of action arises under the patent laws of the United States of America and, in particular, 35 U.S.C. §§ 271 *et seq*.

19.     Digital Ally is the owner by assignment of the '292 Patent, with ownership of all substantial rights therein, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '292 Patent is attached as Ex. H.

20.     The '292 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  The '292 Patent was reexamined and found valid and enforceable with over 59 claims issuing from that reexamination.  The reexamination certificate is attached as Ex. I.

21.     WatchGuard manufactures, imports, markets, offers to sell, and sells a line of VISTA brand cameras intended for use by law enforcement.  Included in the VISTA product family, the VISTA WiFi is an officer-mounted law enforcement camera equipped with wireless, auto activation functionality.  Ex. J, WatchGuard VISTA WiFi Webpage and VISTA Brochure. Also included in WatchGuard's product line are the 4RE in-car cameras. The 4RE cameras include WiFi functionality and also integrate with the VISTA WiFi base allowing them to integrate with the VISTA WiFi body-cameras, which also gives the 4RE cameras wireless, auto-activation functionality.  The VISTA WiFi cameras and the WiFi-equipped 4RE in-car cameras are programmed such that when any WiFi-equipped camera on an officer or in a vehicle in the

vicinity initiates a recording, the other cameras in the vicinity automatically activate and begin recording as well. WatchGuard advertises this functionality as follows:



http://watchguardvideo.com/vista/wifi

22. WatchGuard has directly infringed and continues to directly infringe at least exemplary Claim 1 of the '292 Patent. In addition, Digital Ally intends to assert in this action at least claims 7, 8, 12, 18, 20, 21, 23, 24, 26, 27, 28, 29, 30, 31, 32, 34, 36, 39, 41, 42, 43, 45, 46, 47, 48, 51, 53, 54, 55, 57, 58, and 59 (collectively the "'292 Patent Asserted Claims"). With reference to exemplary claim 1 of the '292 Patent, WatchGuard directly infringed and continues to directly infringe that claim by, among other things, using, offering for sale, and/or selling its VISTA WiFi body cameras alone or in combination with the 4RE HD camera system (including at least the Panoramic X2 camera, HD mini zoom camera, or zero sight-line camera). Specifically, claim 1 recites a "recording device manager," "a first recording device," and "a second recording device," wherein the "recording device manager" receives a signal indicating

an officer has instructed the "first recording device" to record and, in response transmits a signal instructing the "second recording device" to begin recording. As described above, WatchGuard's VISTA WiFi camera functions as the "first recording device" and "recording device manager," and sends a signal instructing one or more VISTA WiFi cameras or 4RE cameras (the "second recording device") to begin recording after a police officer initiates a recording on the VISTA WiFi camera. Similarly, the 4RE camera can function as the "first recording device" and the "recording manager" by sending a signal instructing one or more VISTA WiFi cameras to begin recording after a recording is initiated on the 4RE camera system. WatchGuard is thereby liable for infringement of the '292 Patent pursuant to 35 U.S.C. § 271(a).

23. Digital Ally expects that WatchGuard's customers have used and/or will use the VISTA WiFi in combination with other VISTA WiFi body cameras or in combination with the 4RE HD in-car video system. Digital Ally intends to conduct early discovery into the same. When evidence of such customer use is obtained, Digital Ally intends to amend this Complaint to allege that WatchGuard is also liable for indirect infringement under at least 35 U.S.C. §§ 271(b) and/or (c).

24. Digital Ally has been harmed by this infringement and is entitled to an injunction and compensation in an amount no less than a reasonable royalty as well as its lost profits for WatchGuard's infringement. Digital Ally will also seek a permanent injunction barring WatchGuard from selling its infringing VISTA WiFi products.

**COUNT II**

**(INFRINGEMENT OF U.S. PATENT NO. 9,253,452)**

25. Digital Ally incorporates by reference paragraphs 1 through 24 herein.

26.     This cause of action arises under the patent laws of the United States of America and, in particular, 35 U.S.C. §§ 271 *et seq*.

27.     The '452 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  Digital Ally is the owner by assignment of the '452 Patent, with ownership of all substantial rights therein, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '452 Patent is attached as Ex. K.

28.     WatchGuard manufactures, imports, markets, offers to sell, and sells a line of VISTA brand cameras intended for use by law enforcement.  Included in the VISTA product family, the VISTA WiFi is an officer-mounted law enforcement camera equipped with wireless, auto-activation functionality.  Ex. J, WatchGuard VISTA WiFi Webpage and VISTA WiFi brochure. Also included in WatchGuard's product line are the 4RE in-car cameras. The 4RE cameras include WiFi functionality and also integrate with the VISTA WiFi base allowing them to integrate with the VISTA WiFi body-cameras, which also gives the 4RE cameras wireless, auto activation functionality.  The VISTA WiFi cameras and the WiFi-equipped 4RE in-car cameras are programmed such that when any WiFI equipped camera on an office or in a vehicle in the vicinity initiates a recording, the other cameras in the vicinity automatically activate and begin recording as well. WatchGuard advertises this functionality as follows:



http://watchguardvideo.com/vista/wifi

29.     WatchGuard has directly infringed and continues to directly infringe at least exemplary Claim 1 of the '452 Patent.  In addition, Digital Ally intends to assert in this action at least claims 2, 4, 5, 6, 7, 8, and 9 (collectively "the '452 Patent Asserted Claims").  With reference to exemplary claim 1 of the '452 Patent, WatchGuard directly infringed and continues to directly infringe that claim by, among other things, using, offering for sale, and/or selling its VISTA WiFi body cameras alone or in combination with the 4RE HD camera system (including at least the Panoramic X2 camera, HD mini zoom camera, or zero sight-line camera).  Specifically, claim 1 recites a "controller" having a "receiver" and "transmitter," a "first recording device," and a "second recording device" which is "configured to be mounted on or configured to be carried by a law-enforcement officer. The "second recording device" receives a "communication signal" from the "first recording device" "instructing the second recording device to begin recording the event."  As described above, WatchGuard's VISTA WiFi camera

functions as the "controller" and "first recording device" and includes a "receiver" and "transmitter." When this VISTA WiFi camera is activated, it sends a "communication signal" instructing a second VISTA WiFi body-camera to activate and begin recording the event. Additionally, WatchGuard's 4RE HD in-car camera also can act as the "controller" and "first recording device" and it includes a "receiver" and "transmitter." When the 4RE in-car camera is activated, it sends a "communication signal" instructing a VISTA WiFi body-camera to activate and begin recording the event. WatchGuard is thereby liable for infringement of the '452 Patent pursuant to 35 U.S.C. § 271(a).

30.     Digital Ally expects that WatchGuard's customers have used and/or will use the VISTA WiFi in combination with other VISTA WiFi body cameras or in combination with the 4RE HD in-car video system, and Digital Ally intends to conduct early discovery into the same. When evidence of such customer use is obtained, Digital Ally intends to amend this Complaint to allege that WatchGuard is also liable for indirect infringement under at least 35 U.S.C. §§ 271(b) and/or (c).

<u>**COUNT III**</u>

**(INFRINGEMENT OF U.S. PATENT NO. 9,325,950)**

31.     Digital Ally incorporates by reference paragraphs 1 through 30 herein.

32.     This cause of action arises under the patent laws of the United States of America and, in particular, 35 U.S.C. §§ 271 *et seq*.

33.     The '950 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  Digital Ally is the owner by assignment of the '950 Patent, with ownership of all substantial rights therein, including the right to exclude others and to sue

and recover damages for the past and future infringement thereof.  A true and correct copy of the '950 Patent is attached as Ex. L.

34.	WatchGuard manufactures, imports, markets, offers to sell, and sells a line of 4RE in-car cameras intended for use by law enforcement.  Included in the 4RE product family, the Panoramic X2 Camera is a vehicle-mounted camera system equipped with a forward facing camera and a rotatable secondary camera. Ex. F, WatchGuard 4RE Brochure. The 4RE camera system includes WiFi functionality that allows an officer to wirelessly upload videos that have been recorded and stored on the 4RE camera system. The WiFi functionality also allows for wirelessly updating the 4RE firmware. If equipped with WatchGuard's "Watch Commander" functionality, the 4RE camera system can output a video stream to a smart phone. *Id.*

35.	WatchGuard has directly infringed, and continues to directly infringe at least exemplary Claim 1 of the '950 Patent.  In addition, Digital Ally intends to assert in this action at least claims 2, 3, 4, 8, 9, 10, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, and 24 (collectively the "'950 Patent Asserted Claims").  With reference to exemplary claim 1 of the '950 Patent, WatchGuard directly infringed and continues to directly infringe that claim by, among other things, using, offering for sale, and/or selling its VISTA WiFi body cameras alone or in combination with the 4RE HD in-car video system.  Specifically, claim 1 of the '950 Patent recites a "first video camera mounted on the law enforcement vehicle," a "second video camera," and a "central control unit" that is "configured to receive, decode, and timestamp the encoded video from the first video camera and the encoded video from the second video camera." The "central control unit" is "configured to wirelessly upload the captured, decoded, and timestamped video." The captured video also "is selectively playable on a display of a smartphone." As described above, WatchGuard's 4RE HD in-car video system utilizes these claimed inventions when paired with

its Panoramic X2 camera. The Panoramic X2 camera includes a forward facing camera that is the "first video camera mounted on the law enforcement vehicle" and a rotatable second camera that is the "second video camera." The 4RE system contains the "central control unit" and is configured to receive, decode, and timestamp the encoded video from each of the cameras where it is then stored on internal memory. The 4RE system includes WiFi and is configured to "wirelessly upload the captured, decoded, and timestamped video" and is able to be wirelessly updated in the field. The 4RE system also includes a microphone. Lastly, when equipped with "Watch Commander" the videos captured by the Panoramic X2 camera system are able to be "selectively playable on the display of a smart phone." WatchGuard is thereby liable for infringement of the '950 Patent pursuant to 35 U.S.C. § 271(a).

36. Digital Ally expects that WatchGuard's customers have used and/or will use the 4RE HD in-car video system, including the Panoramic X2 camera, as described above and either alone or in combination with the VISTA WiFi body cameras. Digital Ally intends to conduct early discovery into the same. When evidence of such customer use is obtained, Digital Ally intends to amend this Complaint to allege that WatchGuard is also liable for indirect infringement under at least 35 U.S.C. §§ 271(b) and/or (c).

**PRAYER FOR RELIEF**

WHEREFORE, Digital Ally prays for:

A. Judgment in favor of Digital Ally that WatchGuard has infringed the '292, '452, and '950 Patents.

B. A permanent injunction enjoining WatchGuard, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all other acting in

active concern or privity therewith from infringing the '292, '452, and '950 Patents pursuant to 35 U.S.C. § 283.

C.      Judgment in favor of Digital Ally for all WatchGuard damages suffered by Digital Ally and that WatchGuard be ordered to account for and pay to Digital Ally the damages resulting from WatchGuard's infringement of the '292, '452, and '950 Patents, including lost profits, costs and expenses, together with pre-judgment and post-judgment interest thereon, and all other damages permitted pursuant to 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty.

D.      Judgment and a determination to the effect that this case is exceptional pursuant to 35 U.S.C. § 287.

E.      Such other relief as this Court may deem proper and just under the circumstances.

## JURY DEMAND

Digital Ally demands a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Digital Ally hereby designates Kansas City, Kansas as place of trial pursuant to Local Rule 40.2.

Dated:  May 27, 2016

Respectfully submitted,
ERISE IP, P.A.

/s/ Adam P. Seitz
Adam P. Seitz, KS Bar #21059
Eric A. Buresh, KS Bar # 19895
Jason Mudd, KS Bar #25749
Erise IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, KS 66211
(913) 777-5600 telephone
(913) 777-5601 fax
adam.seitz@eriseip.com
eric.buresh@eriseip.com
jason.mudd@eriseip.com

Paul R. Hart, *Pro Hac Vice* to be filed
Erise IP, P.A.
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
(913) 777-5600 telephone
(913) 777-5601 fax
paul.hart@eriseip.com

ATTORNEYS FOR PLAINTIFF
DIGITAL ALLY, INC.