## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DIGITAL ALLY, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 2:16-cv-02349-JTM-JPO** |
| | ) | |
| **ENFORCEMENT VIDEO, LLC,** | ) | |
| **d/b/a WATCHGUARD VIDEO** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ORIGINAL ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Enforcement Video, LLC d/b/a WatchGuard Video ("Defendant" or "WatchGuard") files this Original Answer and Defenses, as follows:

## PARTIES AND JURISDICTION

1.      Regarding the allegations in Paragraph 1, WatchGuard is without knowledge or information sufficient to form a belief as to the State where Plaintiff is organized or where it maintains its principal place of business.

2.      WatchGuard admits that it is a limited liability company organized in the State of Texas having its principal place of business at 415 Century Parkway, Allen, Texas 75013.

3.      WatchGuard admits that Plaintiff has alleged a claim for patent infringement and that this Court has subject matter jurisdiction over cases arising under the patent laws of the United States Code, Title 35, and that the Court has exclusive jurisdiction over this case under 28 U.S.C. §§1331 and 1338(a).

4.      Whether the Court has personal jurisdiction is a question of law.  WatchGuard, however, does not object to the Court's exercise of personal jurisdiction over WatchGuard in this case.  WatchGuard admits that it has sold body cameras and in-car cameras, but denies that it has

sold any infringing products.  WatchGuard admits that it offers for sale a product generally referred to as the VISTA WiFi.  WatchGuard admits that it has offered and sold lawful, non-infringing products in Kansas and that it conducts business in Kansas. WatchGuard admits that it has sold lawful, non-infringing products to at least one law enforcement agency in Kansas. WatchGuard denies that it has sold any infringing products to any law enforcement department, including to any of the law enforcement departments set forth in Paragraph 4.  WatchGuard admits that its website includes statements about WatchGuard's products. WatchGuard denies that it has made, used, offered, or sold any infringing products.  All other statements and allegations are denied.

5.      WatchGuard admits that it has communicated with the Eudora police department on at least one occasion regarding several products including, among others, the VISTA WiFi product. WatchGuard denies all other allegations in Paragraph 5.

6.      Whether WatchGuard is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Kansas Long Arm Statute is a question of law that does not require a response.  WatchGuard denies the specific allegations regarding whether it conducts or has conducted "substantial" business in Kansas, whether it "regularly conducts" business in Kansas, and whether it derives or has derived substantial revenue from goods and services provided to persons or entities in Kansas or in this District.  WatchGuard admits that it operates a website at www.watchguardvideo.com, and that such website is available online at most times on most days. WatchGuard is without information to admit or deny whether persons in Kansas have accessed the website. WatchGuard admits that the State of Kansas is a territory to which WatchGuard directs some of its sales efforts. WatchGuard denies that it has advertised, promoted, sold, offered for sale, and/or shipped any infringing products into this District or into

the State of Kansas. WatchGuard denies that it has interjected itself into this District by its operation of a nationwide business through commercial websites and sales. WatchGuard, however, does not object to this Court's exercise of personal jurisdiction over WatchGuard in this case. All other statements and allegations are denied.

7.      Whether venue is proper in this District of Kansas under 28 U.S.C §§ 1391(b)-(c) and 1400(b) is a legal question that requires no response. WatchGuard, however, does not object to venue for this case in this District. WatchGuard denies that it has committed, or that it continues to commit, acts of patent infringement in this District. All other statements and allegations are denied.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.    Digital Ally**

8.      WatchGuard is without sufficient information to admit or deny when Digital Ally was established. WathcGuard is also without sufficient information to admit or deny what was in the subjective mind of Digital Ally's founders in 2004. All statements and allegations are denied.

9.      WatchGuard is without sufficient information to admit or deny whether Digital Ally is headquartered in Lenexa, Kansas. WatchGuard denies that Digital Ally's products were an "immediate success." WatchGuard denies that Digital Ally "revolutionized mobile video by introducing a complete video system integrated into a rear-view mirror that provided an event recording system that was both user-friendly and reliable." WatchGuard also denies that this alleged video system has been "adopted across the country." All other statements and allegations are denied.

10.     WatchGuard denies that Digital Ally has expanded its business since its inception. WatchGuard denies that Digital Ally recognized a severe limitation in the marketplace pertaining to existing devices requiring manual activation and manual management of multiple devices. WatchGuard is without sufficient information to admit or deny what Digital Ally's representatives purportedly believed about the marketplace.  All other statements and allegations are denied.

11.     WatchGuard denies that Digital Ally's "solution solved all of these problems" or that it resulted in a series of patent applications with the United States Patent Office. WatchGuard also denies that Digital Ally's solutions purportedly represented "pioneering inventions in this field."  WatchGuard denies the statements made by Digital Ally about the scope of its purported solutions and products.  WatchGuard is without sufficient information to admit or deny whether Digital Ally has any rights under Patent Nos. 8,781,292 (the '292 Patent), 9,253,452 (the "'452 Patent"), or 9,325,950 (the "'950 Patent"), and, therefore requires that Digital Ally carry its burden of evidence to prove ownership and the right to enforce such patents. WatchGuard denies all statements and allegations that go beyond what is expressly stated on the patents themselves.  All other statements and allegations are denied.

12.     WatchGuard denies that the technology described in the '292 and '452 Patents is embodied in Digital Ally's purported VuLink products. WatchGuard denies that the VuLink product is pioneering. WatchGuard denies all statements made about VuLink. WatchGuard denies that Digital Ally was the first to conceive of the features and functionality set forth in the inventions described in Paragraph 12. WatchGuard denies that Digital Ally's "technology has been a resounding success." WatchGuard denies that the "technology is on track to be a standard feature requested by nearly all law enforcement departments across the country." WatchGuard is

without information to admit or deny whether the alleged "multiple recordings are digitally synchronized." WatchGuard denies that the alleged multiple recordings "allow officers and prosecuting attorneys to recreate crime scenes." All other statements and allegations are denied.

**B.     WatchGuard**

13.     WatchGuard admits that its business is related to, among other things, manufacturing and selling in-car video surveillance systems.   WatchGuard denies all other statements and allegations in Paragraph 13.

14.     WatchGuard admits that one configuration of the 4RE HD in-car system includes a Panoramic X2 HD camera. WatchGuard admits that the 4RE HD product includes memory to record video.  All other statements and allegations are denied.

15.     WatchGuard admits that it previously sold a body-worn product known as CopVu that did not include an auto-activation feature.  All other statements and allegations are denied.

16.     WatchGuard denies that it recognized an increased demand for any of Digital Ally's products or technologies, including any purported auto-activation technology. WatchGuard denies that it has noted a five-fold increase in law enforcements requiring Digital Ally's version of auto-activation technology.  WatchGuard denies that it had a disadvantage in the marketplace due to the existence of any Digital Ally technology.  WatchGuard denies that it added any of Digital Ally's patented technology to any of its VISTA body cameras. WatchGuard admits that it now sells a product generally referred to as the VISTA WiFi.  All other statements and allegations are denied.

## <u>COUNT I</u>

## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,781,292)

17.     No response is required to Paragraph 17.  WatchGuard adopts by references all of its previous denials.

18.     WatchGuard admits that this cases arises under the patent laws of the United States, including 35 U.S.C. §§271 et seq. All other statements and allegations, if any, are denied.

19.     WatchGuard is without sufficient information to admit that Digital Ally owns any rights to the ʼ292 Patent and, therefore, WatchGuard denies the same and WatchGuard demands that Digital Ally present strict proof to carry its burden at trial to prove that it is the owner of the ʼ292 Patent, and that it has the legal right to enforce the ʼ292 Patent or to recover damages in this suit.  WatchGuard admits that Digital Ally attached what purports to be a copy of the ʼ292 Patent to its Complaint.  All other statements and allegations are denied.

20.     WatchGuard denies that the ʼ292 Patent is valid, enforceable, or that it was duly issued in full compliance with Title 35 of the United States Code.  In fact, WatchGuard alleges that the ʼ292 Patent should be deemed invalid under 35 U.S.C. §§101,102,103, and 112, among other reasons.  WatchGuard is without information to admit or deny whether, or to what extent, the ʼ292 Patent has been reexamined. WatchGuard admits that what appears to be a reexamination certificate is attached to Digital Allyʼs Complaint as Ex. I.  All other statements and allegations are denied.

21.     WatchGuard admits that it markets, offers, and sells a VISTA camera to law enforcement agencies. WatchGuard admits that an image resembling a page from WatchGuardʼs website and a page form its brochure are attached to Digital Allyʼs Compliant. WatchGuard admits that the screenshot image shown in Paragraph 21 resembles an image from WatchGuardʼs website. WatchGuard denies that any of WatchGuardʼs accused products use Digital Allyʼs

version of the auto-activation technology. WatchGuard denies all other statements and allegations.

22.     WatchGuard denies that any of its accused product infringes any of the claims of the ʼ292 Patent, including the specific claims asserted. WatchGuard denies Digital Allyʼs allegations regarding the features and functionality of WatchGuardʼs products and the features and functionality disclosed in the ʼ292 Patent. WatchGuard denies all statements and allegations that deviate in any way from the clear, unambiguous language expressed on the face of the ʼ292 Patent. Digital Ally seems be ascribing special meanings to terms in Paragraph 22 that are different from WatchGuardʼs understanding of those terms and different from the plain and ordinary meaning of those terms.  WatchGuard denies that the VISTA WiFi camera functions as a "first recording device" or a "recording device manager." WatchGuard denies that the terms in the ʼ292 Patent have the meanings apparently given to them by Digital Ally. WatchGuard denies that the VISTA WiFi body camera or the 4RE HD, alone or in combination, infringe the claims of the ʼ292 Patent.  WatchGuard denies that it is liable for patent infringement.  All other statements and allegations are denied.

23.     WatchGuard does not have sufficient information to admit or deny what Digital Ally expects to happen.  WatchGuard does not have sufficient information to admit or deny whether Digital Ally expects to conduct "early discovery," but WatchGuard expects the parties to comply with the timelines and schedules set forth by the Court and the Federal Rules of Civil Procedure.  WatchGuard denies all other statements and allegations.

24.     WatchGuard denies that Digital Ally has been harmed or that any of Digital Allyʼs products have been infringed by any of the accused products.  WatchGuard denies that

Digital Ally is entitled to an injunction or compensation.   WatchGuard denies all other statements and allegations.

## COUNT II

### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,253,452)

25.     No response is required to Paragraph 25.  WatchGuard adopts by references all of its previous denials.

26.     WatchGuard admits that this case arises under the patent laws of the United States, including 35 U.S.C. §§271 *et seq*. All other statements and allegations, if any, are denied.

27.     WatchGuard denies that the ̵452 Patent is valid, enforceable, or that it was duly issued in full compliance with Title 35 of the United States Code.  In fact, WatchGuard alleges that the ̵452 Patent should be deemed invalid under 35 U.S.C. §§ 101, 102, 103, and 112, among other reasons. WatchGuard is without sufficient information to admit that the ̵452 Patent has been lawfully assigned to Digital Ally and, therefore, WatchGuard denies the same and demands that Digital Ally present strict proof to carry its burden at trial to prove that Digital Ally is the owner of the ̵452 Patent or that it has the legal right to enforce the ̵452 Patent and recover damages.  WatchGuard admits that Digital Ally attached what purports to be a copy of the ̵452 Patent to its Complaint.  All other statements and allegations are denied.

28.     WatchGuard admits that it markets, offers, and sells a VISTA body camera to law enforcement agencies.  WatchGuard admits that an image resembling a page from WatchGuardøs website and a page form its brochure are attached to Digital Allyøs Compliant.  WatchGuard admits that the screenshot image shown in Paragraph 21 resembles an image from WatchGuardøs website. WatchGuard denies that any of WatchGuardøs accused products use Digital Allyøs version of the auto-activation technology or otherwise infringe Digital Allyøs patents.

WatchGaurd admits that WatchGuard's product line includes the 4RE in-car camera. WatchGuard denies Digital Ally's statements and allegations about the features of the VISTA and 4RE products, including statements and allegation about whether, or to what extent, recordings may be initiated on such products. WatchGuard denies that any of its accused products use Digital Ally's purported auto-activation technology. WatchGuard denies all other statements and allegations.

29.     WatchGuard denies that any of its accused products infringe the claims of the '452 Patent, including the specific claims asserted. WatchGuard denies Digital Ally's allegations regarding the features and functionality of WatchGuard's products and the features and functionality of '452 Patent. WatchGuard denies all statements and allegations that deviate in any way from the clear, unambiguous language expressed on the face of the '452 Patent. Among other reasons, Digital Ally seems be ascribing special meanings to some of the terms in Paragraph 29 that are different from WatchGuard's understanding of those terms and different from the plain and ordinary meaning of the terms. WatchGuard denies that the terms in the '452 Patent have the meanings given to them by Digital Ally. WatchGuard denies that its VISTA WiFi camera functions as the "controller" and "first recording device" and includes a "receiver" and "transmitter," especially given Digital Ally's apparent constructions of those claim terms. WatchGuard denies that VISTA WiFi sends a "communication signal" instructing a second VISTA WiFi body-camera to activate or begin recording. WatchGuard also denies that it is liable for patent infringement.  All other statements and allegations in Paragraph 29 are denied.

30.     WatchGuard does not have sufficient information to admit or deny what Digital Ally expects to happen.  WatchGuard does not have sufficient information to admit or deny whether Digital Ally expects to conduct "early discovery," but WatchGuard expects the parties

to comply with the timelines and schedules set forth by the Court and the Federal Rules of Civil Procedure. WatchGuard denies that Digital Ally has been harmed or that any of Digital Ally's products have been infringed by any of the accused products. WatchGuard denies all other statements and allegations.

## COUNT III

## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,325,950)

31. No response is required to Paragraph 31. WatchGuard adopts by references all of its previous denials.

32. WatchGuard admits that to the extent Plaintiff has alleged a claim for patent infringement, this case arises under the patent laws of the United States, including 35 U.S.C. §§271 et seq. All other statements and allegations, if any, are denied.

33. WatchGuard denies that the '950 Patent is valid, enforceable, or that it was duly issued in full compliance with Title 35 of the United States Code. In fact, WatchGuard alleges that the '950 Patent should be deemed invalid because it violates 35 U.S.C. §§ 101, 102, 103, and 112, among other reasons. WatchGuard is without sufficient information to admit that Digital Ally is the owner of the '950 Patent and, therefore, WatchGuard denies the same and demands that Digital Ally present strict proof to carry its burden at trial to prove that Digital Ally is the owner of the '950 Patent and that it has the legal right to enforce the '950 Patent and recover damages. WatchGuard admits that Digital Ally attached what purports to be a copy of the '950 Patent to its Complaint as Exhibit L. All other statements and allegations are denied.

34. WatchGuard admits that it markets, offers, and sells a line of 4RE in-car cameras to law enforcement agencies. WatchGuard admits that one configuration of the 4RE may include a Panoramic X2 camera and that such camera may be forward facing. WatchGuard admits that

what appears to be a copy of one of its brochures was attached to Digital Ally's Complaint.

WatchGuard admits that the 4RE system includes WiFi functionality. WatchGuard admits that

Watch Commander allows for the display of live video data on a smart phone.  WatchGuard

denies all other statements and allegations about the features and function of its products. Among

other reasons, Digital Ally uses ambiguous terms in Paragraph 34 to describe the features of the

products and Digital Ally seems to assume meanings that are different from WatchGuard's

understanding and different from the plain and ordinary meanings of those terms.   WatchGuard

denies all other statements and allegations.

35.     WatchGuard denies that any accused product infringes the claims of the '950

Patent, including the specific claims asserted. WatchGuard denies Digital Ally's allegations

regarding the features and functionality of WatchGuard's products and the features and

functionality of the '950 Patent. WatchGuard denies all statements and allegations that deviate in

any way from the clear, unambiguous language expressed on the face of the '950 Patent.

WatchGuard denies that the 4RE system contains a "central control unit" that decodes video.

WatchGuard denies that Watch Commander permits videos captured by the Panoramic X2

camera system to be selectively playable on the display of a smart phone, especially because

WatchGuard only streams live video.  WatchGuard admits that Watch Commander allows for the

display of live video data on a smart phone.  WatchGuard denies the statements and allegations

in Paragraph 35 because, among other reasons, Digital Ally seems be ascribing special meanings

to some of the terms in Paragraph 35 that are different from WatchGuard's understanding of

those terms and different from the plain and ordinary meaning of the terms.  WatchGuard denies

that the terms in the '950 Patent have the meanings given to them by Digital Ally.  WatchGuard

denies that the 4RE HD in-car video system utilizes the claimed inventions when paired with the

Panoramic X2 camera. WatchGuard denies that the Panoramic X2 camera includes a forward facing camera that is the "first video camera mounted on the law enforcement vehicle" and a rotatable second camera that is the "second video camera." WatchGuard denies that it is liable for patent infringement. All other statements and allegations in Paragraph 35 are denied.

36.     WatchGuard does not have sufficient information to admit or deny what Digital Ally expects to happen. WatchGuard also does not have sufficient information to admit or deny whether Digital Ally expects to conduct "early discovery," but WatchGuard expects the parties to comply with the pretrial timelines and schedules set forth by the Court and the Federal Rules of Civil Procedure. WatchGuard denies that Digital Ally has been harmed or that any of Digital Ally's products have been infringed by any of the accused products. WatchGuard denies all other statements and allegations.

## PRAYER FOR RELIEF

WatchGuard requests that the Court deny all of Digital Ally's requested relief, dismiss all of Digital Ally's claims with prejudice, issue a take-nothing Judgment, and award all relief to WatchGuard that is just and appropriate under the circumstances, including, but not limited to costs and attorneys' fees.

## JURY DEMAND

WatchGuard admits that Digital Ally has demanded a jury trial and WatchGuard also demands a jury on all matters that may be so submitted. WatchGuard asks that the trial be conducted at the place that is most convenient and in accordance with the applicable law.

## AFFIRMATIVE DEFENSES

1.     WatchGuard incorporates by reference all prior statements made herein. Additionally, the statements that follow are not admissions by WatchGuard that it must bear the

burden of proof or production of evidence on any of the following defenses; rather, WatchGuard merely notifies Plaintiff that it intends to pursue each and every one of these defenses through trial.

2.      Neither WatchGuard nor any of its accused products has infringed or is infringing, directly or indirectly, any valid patent claim asserted by Digital Ally in this suit.

3.      On information and belief, the claims of the '292 Patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code including, but not limited to, sections 101, 102, 103, and 112.

4.      On information and belief, the claims of the '452 Patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code including, but not limited to, sections 101, 102, 103, and 112.

5.      On information and belief, the claims of the '950 Patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code including, but not limited to, sections 101, 102, 103, and 112.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, including prosecution history estoppel, prosecution history disclaimer, and other similar reliance doctrines.  For example, the actions taken and representations made before the United States Patent and Trademark Office in procuring the patents in suit, including claim amendments and arguments made to overcome prior art, preclude Plaintiff from asserting or construing the claims of the patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by WatchGuard, or made, used, sold or offered for sale by another entity whose conduct forms the basis of an allegation that WatchGuard contributed to or induced infringement.

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**                    **Page 13**

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

13.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate or minimize its damages, if any.

14.     To the extent that Plaintiff is seeking to recover for any alleged infringement more than six years prior to the filing of this action, such recovery is barred by 35 U.S.C. §286.

15.     To the extent Plaintiff asserts that WatchGuard infringes under a theory of divided infringement, WatchGuard is not liable to Plaintiff.  WatchGuard does not perform each step of any method claim of any asserted patent claim and WatchGuard does not have, nor has it had, an agency relationship with a third party responsible for performing any step of any asserted method claim.  WatchGuard does not use every element of any asserted system claim.

16.     Plaintiff does not have standing to bring and maintain this suit.

17.     To the extent Plaintiff seeks exemplary, punitive, or additional damages, those damages claims are barred, in whole or in part, by applicable statutory limits on such damages as well as applicable constitutional limits.

18.     To the extent Plaintiff has attempted to or believes that it has stated a claim for willful infringement against WatchGuard, WatchGuard asserts that Plaintiff has failed to state a valid claim for willful infringement upon which relief can be granted. The Complaint does not

meet the standard for pleading wilfullness set forth in the Federal Rule of Civil Procedure 8 and by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).  In the event the Court finds that Plaintiff has asserted a claim for willful infringement, WatchGuard denies the allegation because WatchGuard has an objectively reasonable basis for believing that the accused products and activities do not infringe any of the patent claims asserted by Plaintiff in this lawsuit.

19.     Plaintiff is not entitled to a preliminary or permanent injunction or other equitable relief because: (1) Plaintiff is not likely to prevail on the merits; (2) Plaintiff has not suffered nor will it suffer irreparable harm; (3) any harm to Plaintiff would be outweighed by the harm to WatchGuard if an injunction was entered; (4) Plaintiff has an adequate remedy at law even if it were to prevail in this action: (5) the public interest would not be served by an injunction: and (6) Plaintiff is estopped from seeking an injunction.

20.     WatchGuard seeks to have this case declared to be an exception pursuant to Section 285 of Title 35 of the United States Code and thus recover its attorneys' fees that it has reasonably incurred in defending against this action; and

21.     As discovery may reveal the existence of other defenses, WatchGuard reserves the right to seek leave to amend this Answer and to allege any and all defenses that may be appropriate.

## COUNTERCLAIMS

1.     WatchGuard is a limited liability company organized in the State of Texas and has its principal place of business at 415 Century Parkway, Allen, Texas 75013.

2.     Digital Ally alleges in the Complaint that it is a Nevada corporation having its principal place of business at 9705 Loiret Blvd., Lenexa, Johnson County, Kansas 66219.

## JURISDICTION

3.     This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, Title 28 of the United States, for a Declaratory Judgment of invalidity of the '292 Patent, the '452 Patent, and the '950 Patent.

4.     In its Complaint, Plaintiff avers that it is the owner or assignee of all rights, titles and interests in the '292 Patent, the '452 Patent, and the '950 Patent.

5.     Plaintiff has charged WatchGuard with infringement of the '292 Patent, the '452 Patent, and the '950 Patent in this Court. WatchGuard has denied the charges of infringement and has alleged that, *inter alia*, the '292 Patent, the '452 Patent, and the '950 Patent are each invalid.  As a consequence of the foregoing, there is an actual and justiciable controversy existing between Plaintiff and WatchGuard with respect to which WatchGuard seeks a declaration by this Court.

6.     This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331, 1337, 1338 and 1367, and 28 U.S.C. §§ 2201 and 2202.

7.     This Court has personal jurisdiction over Plaintiff in that, *inter alia*, Plaintiff voluntarily filed the Complaint to which these Counterclaims are directed in this Court.

8.     Venue is appropriate for WatchGaurd's counterclaims because Plaintiff has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Invalidity against the '292 Patent)

9.     WatchGuard incorporates by reference all of its prior statement and allegations.

10.    The ='292 Patent is invalid for failure to comply with the conditions and requirements of the patent laws including, but not limited to, 35 U.S.C §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto.

11.    WatchGuard is entitled to a judicial declaration and order that the ='292 Patent is invalid.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity against the '452 Patent)

12.    WatchGuard incorporates by reference all of its prior statement and allegations.

13.    The ='452 Patent is invalid for failure to comply with the conditions and requirements of the patent laws including, but not limited to, 35 U.S.C §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto.

14.    WatchGuard is entitled to a judicial declaration and order that the ='452 Patent is invalid.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Invalidity against the '950 Patent)

15.    WatchGuard incorporates by reference all of its prior statement and allegations.

16.    The ='950 Patent is invalid for failure to comply with the conditions and requirements of the patent laws including, but not limited to, 35 U.S.C §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto.

17.    WatchGuard is entitled to a judicial declaration and order that the ='950 Patent is invalid.

## JURY DEMAND

WatchGuard demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, WatchGuard prays for judgment against Plaintiff as follows:

      A.     That the Court dismiss all claims against WatchGuard with prejudice and that Plaintiff take nothing by way of the Compliant;

      B.     That the Court issue a declaratory judgment that the '292 Patent is invalid and without any force or effect;

      C.     That the Court issue a declaratory judgment that the '452 Patent is invalid and without any force or effect;

      D.     That the Court issue a declaratory judgment that the '950 Patent is invalid and without any force or effect;

      E.     That the Court enjoin Plaintiff, its officers, directors, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from alleging, asserting, or stating that WatchGuard has infringed or is infringing the '292 Patent, the '452 Patent, or the '950 Patent, or that WatchGuard has used or is using any alleged invention claimed therein, or that any of such patents are valid;

      F.     That the Court find that this case is exceptional, and require Plaintiff to pay WatchGuard's attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

      G.     That the Court award WatchGuard all relief to which it may show itself to be justly entitled, including, but not limited to, the recovery of all of its costs, expenses, and attorneys' fees.

Dated: July 25, 2016                    Respectfully submitted,

                                        **GRAVES GARRETT LLC**

                                        By: ____/s/ Joseph M. McGroder_____
                                            Nathan F. Garrett, KS Bar #24977
                                            Joseph M. McGroder, D. Kan. #78603
                                            GRAVES GARRETT LLC
                                            1100 Main Street, Suite 2700
                                            Kansas City, MO 64105
                                            Telephone: (816) 256-3181
                                            Fax: (816) 256-5958
                                            ngarrett@gravesgarrett.com
                                            jmcgroder@gravesgarrett.com


                                        **REESE GORDON MARKETOS LLP**

                                            Adam Sanderson (admitted *pro hac vice*)
                                            REESE GORDON MARKETOS LLP
                                            750 N. St. Paul St., Suite 610
                                            Dallas, Texas 75201-3202
                                            (214) 382-9810 (telephone)
                                            (214) 501-0731 (facsimile)
                                            adam.sanderson@rgmfirm.com


                                            *Counsel for Defendant Enforcement Video,*
                                            *LLC d/b/a WatchGuard Video, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 25, 2016, a true and correct copy of the foregoing pleading was served *via* the Court's electronic online filing system, in accordance with the Rules of Civil Procedure, on the following counsel of record:

Adam P. Seitz
Eric A. Buresh
Jason Mudd
Erise IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, Kansas 66211

***Attorneys for Plaintiff***

/s/ Joseph M. McGroder
Attorney for Defendant