UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

                    Plaintiff,

v.                                                              Case No. 16-2349-JTM

ENFORCEMENT VIDEO, LLC,
d/b/a WATCHGUARD VIDEO,

                    Defendant.

## <u>ORDER</u>

The defendant in this patent infringement case has filed a motion for leave to file an amended answer (ECF No. 41).  Applying the liberal standards of Fed. R. Civ. P. 15(a)(2), the motion is granted.

Before bringing the instant action against defendant, plaintiff filed a patent infringement suit against Taser International, Inc. ("Taser").[1]  Defendant alleges that on or about September 15, 2016, its counsel discovered that Taser is defending against plaintiff's patent infringement claims, in part, by asserting plaintiff committed inequitable conduct with respect to two of the patents at issue in this case.  Defendant summarizes Taser's allegations as follows: "[p]laintiff knew about a product manufactured by another company (ICOP)—the ICOP 20/20 system—knew that the ICOP system was similar to (and prior art to) the inventions for which [plaintiff] initially sought patent protection, and purposefully did not disclose the ICOP system to the Patent Office so that its patent

_____

[1] *See* Case No. 16-2032-CM.

1

applications would not be rejected."[2] On October 10, 2016, defendant served document requests on plaintiff seeking, in defendant's words, "information related to [plaintiff's] inequitable conduct before the Patent Office."[3]   In response, on November 16, 2016, plaintiff produced approximately 5,012 documents, certain of which defendant claims "further support the allegation that [plaintiff] committed inequitable conduct by choosing not to disclose the ICOP system to the Patent Office."[4]   Based on this information, and within the deadline for filing motions to amend pleadings set forth in the scheduling order entered in this case (ECF No. 19), defendant filed the instant motion seeking to add to its answer the affirmative defense of inequitable conduct.

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."   Rule 15(a)(2) directs the court to "freely give leave when justice so requires."   The Supreme Court has indicated that this directive to freely give leave is a "mandate … to be heeded."[5]   "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

---

[2] ECF No. 42 at 2.

[3] *Id.*

[4] *Id.* at 3.

[5]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

amendment."[6]

Plaintiff opposes amendment only on the basis of undue delay, noting "the exact defense [defendant] now seeks to add" was publicly filed in the *Taser* litigation on July 20, 2016, nearly five months before defendant's instant motion to amend.[7] Plaintiff, however, does not dispute that defendant did not discover Taser's allegations of inequitable conduct until September 15, 2016. Within one month, defendant served document requests seeking to confirm Taser's allegations. The court does not fault defendant for waiting for further evidence to support its inequitable conduct defense. To the extent plaintiff argues defendant's proposed amendment does *not* rely on any newly discovered evidence because the proposed amendment merely "cop[ies], verbatim, Taser's allegations,"[8] the court does not find the two to be mutually exclusive.

Although not addressed by plaintiff, the court further notes none of the other factors weighing against granting amendment is present here. First, the court does not find that plaintiff will be unduly prejudiced by the amendment, as this case is in its early stages and plaintiff will have an adequate chance to conduct discovery on the affirmative defense. Indeed, fact discovery remains open until November 17, 2017.[9] Second, there is no bad faith or dilatory motive present. Third, defendant has not previously sought

---

[6]*Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[7]ECF No. 46 at 1.

[8]*Id.* at 6.

[9]*See* ECF No. 19.

3

O:\ORDERS\16-2349-JTM-41.docx

amendment.  Fourth, based on the record before it, the court cannot find that amendment would be futile.

IT IS THEREFORE ORDERED that defendant's motion for leave to file an amended answer is granted.  Defendant shall file its amended answer by **January 24, 2017**.

Dated January 20, 2017, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge