IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

        Plaintiff,

v.                                 Case No. 16-2349-JTM

ENFORCEMENT VIDEO, LLC,
d/b/a WATCHGUARD VIDEO,

        Defendant.

## ORDER

On May 25, 2017, this litigation was temporarily stayed by agreement of the parties pending resolution of petitions for inter partes review ("IPR") filed with the Patent Trial and Appeal Board ("PTAB"), challenging the validity of the three patents in suit (the '292, '452, and '950 patents).[1]  The parties recently informed the court that the PTAB declined to institute IPR with respect to the '452 and '950 patents, but did institute IPR on a petition asserting a number of claims arising from the '292 patent.[2]  Specifically, the PTAB is reviewing twenty-three of the claims asserted herein related to the '292 patent,[3] and is

---

[1]*See* ECF Nos. 64-66.  The patents in suit are U.S. Patent No. 8,781,292; U.S. Patent No. 9,253,452; and U.S. Patent No. 9,325,950.

[2]ECF No. 69 (joint status report).

[3]*Id.*  Defendant's brief states the PTAB is reviewing fourteen claims asserted herein related to the '292 patent.  ECF No. 72 at 6.  The court is unable to determine the source of this number discrepancy.  The court will presume correct the number the parties jointly agreed upon in their joint status report.

expected to issue its final decision by June 6, 2018.  The question now before the court is whether the stay should be maintained pending that final PTAB decision, as requested in a motion filed by defendant **(ECF No. 71)**, or whether the stay should be lifted as requested in plaintiff's response to the motion.  After weighing the relevant factors, the court concludes the stay should continue and grants defendant's motion.

Whether to stay litigation is a matter left to the discretion of the trial court.[4]  In deciding whether to institute—or continue—a stay pending IPR, courts find three factors significant: (1) the stage of the proceedings, in particular whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.[5]  Considering these factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation.[6]  "[T]he party requesting the stay bears the burden of showing that a stay is appropriate, and

---

[4]*Clinton v. Jones,* 520 U.S. 681, 706 (1997).  *See also Bushnell Inc. v. The Burton Co.*, No. 09-2009, 2010 WL 11561389, at *1 (D. Kan. Jan. 11, 2010) ("[T]he district court also has, within its 'inherent power' to control the docket, the discretion to stay proceedings pending before it if, after weighing the competing interests, the circumstances of a particular case lean in favor of a stay."); *ScriptPro LLC v. Wal–Mart Stores, Inc.*, No. 05-2244, 2006 WL 2294859, at *1 (D. Kan. Aug. 8, 2006) ("A motion to stay an action pending reexamination by the PTO is within the sound discretion of the court.").

[5]*Norred v. Medtronic, Inc.*, No. 13-2061, 2014 WL 554685, at *1 (D. Kan. Feb. 12, 2014) (citing cases); *Digital Ally, Inc. v. Taser Int'l, Inc.*, No. 16-2032, slip op. at 3 (D. Kan. Nov. 17, 2017).

[6]*Digital Ally,* slip op. at 3 (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)).

such showing must be based on more than the mere fact that an IPR petition was filed."[7]  In the District of Kansas, courts have recognized a "liberal policy in favor of granting motions to stay" pending the outcome of PTAB proceedings.[8]

The first factor the court considers is the stage of the litigation.  "This inquiry is aimed at determining 'whether litigation has progressed significantly enough for a stay to be disfavored.'"[9]  This case was filed nearly two years ago, but from a procedural standpoint, it is still in its infancy.  Although written discovery began before the stay was instituted, depositions have not been taken, experts have not been disclosed, a trial date has not been set, and the court has not scheduled a claim-construction hearing or issued a claim-construction order.  The court has not yet "invested significant resources in becoming familiar with the patents, relevant art, the products, and claim construction."[10]  Accordingly, the court finds this factor weighs in favor of continuing the stay.

The second factor the court considers is whether a stay will simplify the issues in question and the trial of the case.  "Issue simplification can . . . occur where the number of

---

[7]*Id.* (citing *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 592 (2014)).

[8]*Norred*, 2014 WL 554685, at *1 (citing *ScriptPro*, 2006 WL 2294859, at *1; and *Braintree Labs., Inc. v. Nephro–Tech, Inc.*, No. 96-2459, 1997 WL 94237, at *9 (D. Kan. Feb. 26, 1997)).

[9]*Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 3:15-CV-30005-MGM, 2016 WL 1735330, at *2 (D. Mass. April 28, 2016) (quoting *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 356 (D. Mass. 2015)).

[10]*Norred*, 2014 WL 554685, at *2.

asserted claims and patents are reduced due to invalidation or the estoppel effect of the IPR proceedings."[11] Although the possibility of *complete* invalidation is not required, "the more the scope of the litigation exceeds the scope of the IPR proceedings, the less likely the IPR proceedings and requested stay will simplify the issues."[12]

Defendant contends the second factor favors continuing the stay because the PTAB's decision and findings in the '292 IPR, plaintiff's statements made during the '292 IPR, and the full intrinsic record in the '292 IPR will streamline this litigation as to both the '292 patent and the closely related '452 patent. Plaintiff construes the facts differently and asserts they favor lifting the stay. The court will discuss the parties' positions in turn.

First, defendant asserts that in the '292 IPR, the PTAB is considering, and could invalidate, twenty-three of the thirty-three claims from the '292 patent that are at issue in this case.[13] Defendant notes this number represents more than one-third of the total claims in this litigation. But plaintiff points out the reverse—that the PTAB declined to institute IPR on nearly two-thirds of the claims asserted in this litigation: ten of the claims related to the '292 patent, all nine of the claims related to the '452 patent, and all eighteen of the claims related

---

[11]*Digital Ally,* slip op. at 5 (citing *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. 15-7025, 2016 WL 7165695, at *6 (D.N.J. Dec. 7, 2016); *see also* 35 U.S.C. § 315(e)(2) (barring petitioner in an IPR proceeding that results in a final decision by the PTAB from asserting in a civil action invalidity arguments the petitioner raised or reasonably could have raised during the IPR proceedings).

[12]*Digital Ally,* slip op. at 6 (citing *Eagle View*, 2016 WL 7165695, at *6).

[13]*See* ECF No. 69 at 1-2 (joint status report).

to the '950 patent.  Thus, plaintiff argues, the PTAB's decision will not resolve all the issues before the court.

Defendant next argues that even if the PTAB upholds all of plaintiff's '292 patent claims, the scope of the claims in this litigation could be materially changed based on the positions plaintiff takes during the IPR.  In *Aylus Networks, Inc. v. Apple Inc.*, the Federal Circuit recently ruled that "statements made by a patent owner during an IPR proceeding can be relied on to support a finding of prosecution disclaimer during [litigation] claim construction."[14]  That is, when a patentee clearly and unmistakably disavows a certain meaning in IPR proceedings, the patentee's statements can be used by the court in interpreting a claim's term and scope.[15]  Plaintiff responds that the IPR record is closed as to plaintiff's positions because plaintiff has already submitted both its pre-institution preliminary response and its post-institution response, and PTAB trial guidelines limit oral arguments to the evidence and arguments previously submitted.[16]  But, as defendant notes, plaintiff's position is contrary to the *Aylus* court's finding that the prosecution history includes "amendments to the claims and arguments made to convince the examiner."[17]  Oral argument before the PTAB on the '292 claims is scheduled for February 23, 2018, and

---

[14]856 F.3d 1353, 1359 (Fed. Cir. 2017).

[15]*Id.* at 1361.

[16]*See* Office Patent Trial Practice Guide, 77 Fed. Reg. 48768 (Aug. 14, 2012), 2012 WL 3276882.

[17]*Aylus*, 856 F.3d at 1359.

plaintiff's statements at that argument may be relied upon in this court's claim construction.[18] Plaintiff asserts that this possibility or the possibility that the PTAB's written decision is pertinent to claim construction can be accounted for simply by scheduling the claim construction hearing after the PTAB's June 6, 2018 decision deadline (and proceeding only with discovery at this point).

Finally, defendant asserts that because the '452 patent and the '292 patent cover the same invention, share the same subject matter, and share many of the same claim terms the PTAB is considering, the PTAB's decision on the '292 IPR will also help streamline the litigation claims asserted on the '452 patent. Plaintiff agrees that the two patents are very closely related, but argues this fact counsels in favor of moving forward with discovery before the PTAB issues its final decision on the '292 patent claims. Plaintiff asserts the discovery pertaining to the two patents almost entirely overlaps, such that any discovery that occurs will, at the very least, be relevant to the '452 patent claims and "not be rendered moot by the cancellation of any '292 Patent claims currently under review."[19] Defendant counters that, while the discovery may overlap some, there is much discovery to be done that is patent-specific. Defendant states that because the claim language for the patents is different, "the parties' respective theories of infringement and non-infringement and what constitutes a

---

[18]*See id.* at 1363-64 (relying on patent owner's statements at oral argument in interpreting the plain meaning of its disavowing statements).

[19]ECF No. 74 at 9.

hypothetical license will necessarily be different."[20]  Accordingly, "while the witness who testifies on the '452 Patent will likely be the same witness who later testifies on the '292 Patent, many of the questions put to that witness will be different because the claim language is different."[21]  Thus, if *all* discovery goes forward now, discovery specific to the '292 patent may later be deemed irrelevant and a waste; while if *limited* discovery goes forward on all but the '292 patent claims, the parties may later be forced to re-depose witnesses on the '292 claims that survive PTAB review.  Because neither of these scenarios is efficient, defendant asserts discovery should continue to be stayed.

Good arguments have been made by both sides on this second factor.  Although a close call, the court ultimately finds defendant's arguments more persuasive.  Maintaining the stay, and learning from the IPR proceedings, has the potential to simplify a significant number of issues in this litigation.  Moreover, holding discovery for a few more months has the potential to save the parties a significant amount of time and effort.

The third factor the court considers is whether a stay would unduly prejudice or present a clear tactical disadvantage to the plaintiff.  "[T]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice."[22]  However, when the

---

[20]ECF No. 75 at 3.

[21]*Id.*

[22]*Corel Software, LLC v. Microsoft Corp.*, No. 2:15-CV-528, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) (quoting *CCP Sys AG v. Samsung Elecs. Corp.,* No. 09-CV-4354, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010)); *see also Norred*, 2014 WL 554685, at *4 ("Mere delay in the litigation, however, does not establish undue prejudice.").

parties are direct competitors, courts recognize "there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill."[23]  For this reason, courts are somewhat reluctant to stay proceedings involving direct competitors.[24]

According to plaintiff, the parties are direct competitors in two markets with few competitors.  Plaintiff suggests defendant is one of four competitors in the "in-car video market," and one of seven competitors in the "body-warn camera market."[25]  But plaintiff gives no additional details about how a delay in adjudicating this case will "have outsized consequences" on its potential loss of market share or loss of goodwill.  Although plaintiff states defendant's revenues have increased since this case was filed, plaintiff does not put this fact in context; for example, plaintiff does not indicate whether its own revenues have increased or decreased, and by how much.

Defendant does not deny it is plaintiff's competitor.  But it argues this fact has been consistent since the case was filed.  Despite the competitive relationship between the parties, plaintiff has not sought injunctive relief.  Some courts have found that a party's decision not

---

[23]*Digital Ally,* slip op. at 11 (quoting *SenoRx, Inc. v. Hologic, Inc*., No. 12-173-LPS, 2013 WL 144255, at *6 (D. Del. Jan. 11, 2013)).

[24]*Id.*

[25]ECF No. 74 at 12.

to seek injunctive relief suggests the party would not be unduly prejudiced by a stay,[26] but this factor is "not determinative of whether [the patentee] will likely suffer undue prejudice."[27]  Nonetheless, defendant asserts that not only did plaintiff not seek injunctive relief, but plaintiff went further and agreed to stay litigation pending completion of the IPRs. This conduct negates plaintiff's suggestion of prejudice.  Defendant also contends that because the PTAB will issue its decision by June 6, 2018, at which time the stay will be lifted, plaintiff will suffer no prejudice if the stay is maintained for only a few more months.

The court agrees with defendant that plaintiff's earlier agreement to stay this litigation, paired with plaintiff's failure to seek injunctive relief, cuts against plaintiff's suggestion it will be prejudiced by a continued stay.[28]  As noted, plaintiff has failed to articulate a specific prejudice it will suffer if the stay is maintained.  The court finds it significant that the stay, which (via the parties' agreement) has been in place since May 2017,[29] will be lifted within

---

[26]*See Braintree Labs.*, 1997 WL 94237, at *9 ("Plaintiff's concern would more appropriately have been raised in support of a request for a preliminary injunction against defendants' selling its product during the pendency of this litigation. . . ."); *Corel Software*, 2016 WL 4444747, at *2 ("[T]he court notes that Corel has not sought injunctive relief in this case."); *Virtualagility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) ("On this record, the evidence of competition is weak and the patentee's delays in pursuing suit and seeking preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay.").

[27]*Digital Ally,* slip op. at 13 (citing *Eagle View*, 2016 WL 7165695, at *5).

[28]The court is *not* finding, as defendant suggests, that plaintiff has *waived* the right to advocate for lifting the stay.  Defendant has cited no support for its "estoppel" argument.

[29]*See* ECF No. 64.

the next four months.[30]  The court concludes this third factor weighs in favor of defendant's request to maintain the stay.

After considering the relevant factors, viewing them both individually and together, the court concludes the benefits of continuing the stay outweigh the inherent costs of postponing resolution of the litigation by another few months.

IT IS THEREFORE ORDERED that defendant's motion to maintain the stay is granted.  The parties shall file a joint report advising the court of the PTAB's decision on the IPR petition challenging the '292 patent, as well as the parties' respective positions as to further proceedings in this case, **within 14 days** of the PTAB's ruling, but no later than **June 20, 2018**.

Dated February 8, 2018, at Kansas City, Kansas.

 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[30]*See Norred*, 2014 WL 554685, at *4 (finding third factor weighed in favor of a stay when a decision by the PTAB "should be forthcoming in the next few months").

O:\ORDERS\16-2349-JTM-71.wpd                         -10-